JOHNSTON, Appellant, *v.* THEALL, Respondent.

*(Supreme Court, General Term, Second Department.* December 14, 1891.)

Appeal from special term, Queens county.

Action by William Johnston against Mary E. Theall.

Argued before DYKMAN and PRATT, JJ.

*Deming & Logan,* (*Walter S. Logan* and *Charles W. Demond,* of counsel,) for appellant. *Benj. W. Downing,* for respondent.

DYKMAN, J. This action was commenced to procure the cancellation and nullification of certain deeds of conveyance of real property made by Robert H. Johnston, deceased, to the defendant, upon the ground of mental incapacity of the grantor, and fraud and undue influence on the part of the defendant. The action was tried before a judge without a jury, and he has found all the facts against the plaintiff and in favor of the defendant, and directed judgment in her favor, and the plaintiff has appealed from the judgment. A full and careful examination of the testimony shows its failure to sustain the allegations in the complaint, and shows that the finding of the court is fully sustained by the evidence. The case turned entirely upon questions of fact, and we concur with the conclusions of the trial judge. The judgment should be affirmed, with costs.

---

KIPP, Respondent, *v.* SCOTT *et al.,* Appellants.

*(Supreme Court, General Term, Second Department.* December 14, 1891.)

Appeal from circuit court, Kings county.

Action by Burton E. Kipp against Charles B. Scott and Eugene Pearson to recover for services rendered as an accountant.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*William J. Gaynor* and *P. E. De Fere,* for appellants. *George L. Carlisle,* for respondent.

BARNARD, P. J. This action is one to recover the value of the plaintiff's services as an accountant. The sum demanded therefor in the complaint is $250. The answer admits the employment, and admits the value to no greater extent than $56. This difference was lessened on the trial by the evidence, which tended to show that the services were only 90 hours, all rendered during some 7 or 8 days, and that the defendants were willing to pay $25 per day. The value of the services was proven to be much greater than the sum claimed in the complaint. There was proof given by the defendants tending to show that the employment was agreed upon at the sum of $8 a day; but this was denied by the plaintiff. The verdict of the jury on such a condition of the evidence must be held final upon the questions between the parties. The witness Silden was an expert witness. He had been in the habit of employing accountants, and knew what their usual charge was. The judgment should therefore be affirmed, with costs.